IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KGS DIAMOND GROUP S.A., <br><br> Plaintiff, <br><br> v. <br><br> DK HOLDINGS, LTD., <br><br> Defendant. | Case No.  CV-07 8547 (NRB) <br> Electronically Filed with the Court |

## ANSWER TO AMENDED COMPLAINT

Defendant, DK Holdings, LTD ("DK Holdings"), by and through the undersigned counsel, hereby electronically files its Answer in response to the Amended Complaint for Patent Infringement of Plaintiff KGS Diamond Group S.A. ("KGS").  The numbered paragraphs in the Answer, below, correspond to the numbered paragraphs in the Amended Complaint.

## GENERAL DENIAL

Except to the extent expressly, specifically and unambiguously admitted herein, DK Holdings denies each and every allegation contained in KGS's Amended Complaint.

## THE PARTIES

1. Denied.  DK Holdings is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 1, and therefore denies same.

2. Admitted.

3. Denied as stated.  DK Holdings admits only that its business includes the manufacture, distribution and export into the United States of certain abrasive products, including grinding and finishing products.

## JURISDICTION

4. Denied as stated.  DK Holdings admits only that KGS alleges that DK Holdings infringes claims of U.S. Patent No. 6,214,068 ("the '068 patent"), and that 28 U.S.C. §§1331 and 1338(a) provide subject matter jurisdiction for such claims.

5. Denied, as a conclusion of law.

6. Denied as stated.  DK Holdings admits only that KGS has asserted against DK Holdings federal unfair competition claims under Section 43(a) of the Trademark Act of 1946, and that 15 U.S.C. 1121 and 1125(a), 28 U.S.C. §§ 1331, 1332 and 1338 provide jurisdiction for such claims.

7. Denied, as a conclusion of law.

## COUNT ONE

### Patent Infringement

8. DK Holdings incorporates by reference its responses in paragraphs 1-7 of its Answer.

9. Denied.  DK Holdings is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 9, and therefore denies same.  Further, the United States Patent and Trademark Office ("USPTO") website does not indicate the recordation of an assignment of rights to the '068 patent from inventor Sandro G.G. Ferronato to KGS.

10. Admitted in part, denied in part.  DK Holdings admits that the '068 patent states that it was issued on April 10, 2001 and that a copy of the patent is attached as Exhibit A to the Amended Complaint.  DK Holdings denies that KGS is the owner by assignment from inventor Sandro G.G. Ferronato of all rights under the '068 patent, including the right to bring a patent infringement action.

11. Admitted in part, denied in part. DK Holdings admits that its manufactures, uses, sells and/or offers for sale products in the United States. DK Holdings also admits that Exhibit C is a printout from its website. DK Holdings is without knowledge or information sufficient to admit or deny that Exhibit B includes photographs of DK Holdings' products. DK Holdings denies the remaining allegations in paragraph 11.

12. Admitted in part, denied in part. DK Holdings admits that KGS has not authorized it to make, use or sell products covered by the '068 patent, but denies that it makes, uses or sells any such products.

13. Denied.

14. Denied.

## COUNT TWO

### Federal Unfair Competition

15. DK Holdings incorporates by reference its responses in paragraphs 1-14 of its Answer.

16. Denied.

17. Denied. The June 5, 2006 letter is a writing which speaks for itself, and therefore any characterization thereof is denied. DK Holdings denies the remaining allegations in paragraph 17.

18. Denied.

19. Denied.

### KGS'S PRAYER FOR RELIEF

DK Holdings denies that KGS is entitled to any of the relief that it seeks in paragraphs a-l of its prayer for relief, or to any other relief.

## AFFIRMATIVE DEFENSES

DK Holdings asserts the following affirmative defenses to KGS's claims:

1. DK Holdings does not infringe and has not infringed any claim of the '068 patent.

2. The '068 patent is invalid, unenforceable and/or void for failure to comply with one or more requirements of 35 U.S.C. § 101 et seq., including but not limited to, 35 U.S.C. §§ 102, 103 and 112.

3. DK Holdings' distribution of its DIA-LINK product into the United States and Europe does not constitute an act of unfair competition.

4. DK Holdings does not misrepresent the nature, characteristics, qualities, or geographic origin of its DIA-LINK product.

5. On information and belief, KGS lacks standing to bring the claims asserted in its Amended Complaint, and as a result this Court lacks subject matter jurisdiction.

6. On information and belief, Sandro Giovanni Giuseppe Ferronato is a necessary and indispensable party to this lawsuit.

7. Discovery may disclose that the '068 patent is unenforceable by reason of inequitable conduct.

8. DK Holdings reserves the right to assert any and all additional affirmative defenses that may be determined during the course of discovery.

## DK HOLDINGS REQUEST FOR RELIEF

WHEREFORE, DK Holdings requests the following relief:

(a). That the Court dismiss KGS's complaint with prejudice;

(b). That all relief requested by KGS against DK Holdings be denied, and that judgment be entered for DK Holdings;

4

(c). That the Court deny any injunction sought by KGS;

(d). That the Court permanently enjoin KGS, its officers, agents, servants, employees and attorneys and those persons in active concert or participation with any of them, pursuant to Title 35, United States Code, § 283, from directly or indirectly charging or instituting any action for infringement, inducement of infringement or contributory infringement of the '068 patent against DK Holdings or any other persons or entity in privity with DK Holdings, including without limitation DK Holdings' assigns, agents suppliers and customers;

(e). That the Court adjudge this to be an exceptional case and award DK Holdings its costs and reasonable attorneys' fees under Title 35, United States Code, § 285; and

(f). That the Court award such other relief as it deems just and proper.

## DEMAND FOR A JURY TRIAL

DK Holdings hereby requests a trial by jury on all issues triable to a jury.

Respectfully submitted,

January 3, 2008

MORGAN, LEWIS & BOCKIUS LLP

By: "s/" Jennifer L. Dereka

Jennifer L. Dereka (JD-1577)
101 Park Avenue
New York, New York 10178-0060
Tel.: (212) 309-7137
Fax: (212) 309-6273

Attorneys for Defendant
DK Holdings, LTD.

5

**CERTIFICATE OF SERVICE**

I certify that on this the 3rd of January 2008, a true and correct copy of **DK HOLDINGS, LTD'S ANSWER TO AMENDED COMPLAINT** was served on counsel for Plaintiff KGS as follows via e-mail and United States Mail:

>Anthony H. Handal
>Brown Rudnick Berlack Israels L.L.P.
>7 Times Square, 47th Floor
>New York, NY 10036

"s/" Jennifer L. Dereka